**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 12-39 |
| WILLIAM H. VEGA, | ) | |
| | ) | Hon. Eugene R. Wedoff |
| Debtor. | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF FOX, SWIBEL, LEVIN & CARROLL, LLP,
FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FEBRUARY 6, 2012
THROUGH AUGUST 2, 2012**

Fox, Swibel, Levin & Carroll, LLP[1] ("FSLC"), general bankruptcy counsel to N. Neville Reid, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of William H. Vega (the "Debtor"), files this application ("Application") for payment of an administrative claim in the amount of $12,575.49, consisting $12,481.50 in fees and $92.99 in expenses, for the period of February 6, 2012 through August 2, 2012. In support of this Application, FSLC states the following:

**INTRODUCTION**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

---

[1] Prior to September 1, 2012 Fox Swibel Levin & Carroll, LLP was known as Fox Hefter Swibel Levin & Carroll, LLP.

**BACKGROUND**

3. On November 17, 2011, the Circuit Court of Cook County, Probate Division (the "Probate Court") appointed Barbara McKenzie as plenary guardian (the "Guardian") of the Debtor's estate and person. [Dkt. 1.]

4. On November 17, 2011, the Probate Court granted the Guardian leave to file a chapter 7 bankruptcy case on behalf of the Debtor. [Dkt. 1.]

5. On January 3, 2012 (the "Petition Date"), the Guardian filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on behalf of the Debtor in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed N. Neville Reid as chapter 7 trustee.

6. On March 14, 2012, the Court entered a final order granting the Trustee's application to retain FSLC as general bankruptcy counsel, retroactive to February 6, 2012. [Dkt. 20.]

**REQUESTED RELIEF**

7. FSLC files this Application to be allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee from February 6, 2012 through August 2, 2012 (the "Application Period").

8. Attached as Exhibit A to this Application is a schedule of the name and position of each attorney and paralegal who has performed work for the Trustee for which reimbursement is sought, the number of hours billed by each professional and his/her hourly billing rate, as well as the year each attorney graduated from law school and was admitted to practice in Illinois.

9. Attached as Exhibit B to this Application are the detailed billing records of FSLC,

2

describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period.

## PROFESSIONAL SERVICES RENDERED

10. During the Application Period, FSLC has performed the following services on behalf of the Trustee:

    A.    Reviewed Debtor's bankruptcy petition and related documents;

    B.    Prepared, filed, and presented the Trustee's applications to employ FSLC as general bankruptcy counsel [Dkt. 17] and to employ @properties as the Trustee's real estate broker [Dkt. 18];

    C.    Conferred with the Trustee's real estate broker, Sarah Maxwell of @properties, about marketing and selling the Debtor's home at 8049 W. Eastwood in Norridge, Illinois (the "Norridge Property"), considered various offers to purchase the Norridge Property, and reviewed the sale contract for the Norridge Property;

    D.    Prepared for closing on the Norridge Property by obtaining the Court's permission to conduct the sale, arranging for Harris Bank to remove Debtor's vehicle from the premises, and assembling closing documents, such as the title commitment, deeds, water reading, transfer tax declarations, and the pay-off letter from Bank of America, N.A.;

    E.    Prepared, filed, and presented the Trustee's Motion For Order (A) Approving Sale Outside the Ordinary Course Pursuant to 11 U.S.C. § 363 and (B) for Shortened Notice [Dkt. 24] and the Trustee's Emergency Motion to Abandon Debtor's Automobile and to Shorten Notice [Dkt. 29];

      F.      Successfully closed the sale of the Norridge Property, which generated approximately $23,901.73 for the Estate after closing costs and the mortgage on the Norridge Property were paid in full;

      G.      Reviewed claims filed against the Estate; and

      H.      Assisted the Trustee with the preparation of the Trustee's Final Report and prepared this Application.

## **APPROPRIATENESS OF FEES**

11.    The total amount of fees sought by FSLC for professional services in this Application is $12,481.50.

12.    The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Debtor. Compensation for the services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

13.    FSLC's fees are recorded in a computerized time record system, from which the billing records attached to this Application were generated. FSLC has reviewed the billing records to ensure their accuracy.

14.    FSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

15.    FSLC's requested fees are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Debtor's Estate.

## FSLC EXPENSE POLICIES

16. FSLC charges clients for actual out-of-pockets expenses it incurs on their behalf such as travel, postage, outside copying costs, outside vendor costs, and court fees. FSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this application.

17. The expenses sought by FSLC in this Application relate to FED/EX charges ($59.98), invoices for closing documents ($8.00), Westlaw online research fees ($16.21), and PACER research charges ($8.80), and were necessary and benefited the Debtor's estate. The total amount of out-of-pocket expenses for which FSLC seeks reimbursement is $92.99.

18. FSLC's requested expenses are awardable pursuant to Section 330 of the Bankruptcy Code as actual, necessary expenses incurred for the administration of the Debtor's Estate.

## ADDITIONAL FEES AND EXPENSES

19. FSLC has undertaken all reasonable efforts to ensure that all attorneys' fees and expenses for the period of February 6, 2012 through August 2, 2012 are included in this Application. However, it is possible that some fees and expenses may not be included in this Application. FSLC reserves the right to submit further applications for fees and expenses for the period of February 6, 2012 through August 2, 2012, if necessary.

## SUMMARY OF FEES

20. FSLC applies for an administrative claim in the amount of $12,575.49, consisting of $12,481.50 in fees and $92.99 in expenses.

## NOTICE

21. This Application will be submitted with the Trustee's Final Report in the above-

captioned bankruptcy case. Pursuant to Bankruptcy Rule 2002(a), notice of this Application will be given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors; and (e) all other parties set up to receive notice through the Court's ECF filing system.  In light of the nature of the relief requested, the Trustee submits that no further notice is required.

　　　　WHEREFORE, FSLC requests entry of an order allowing it an administrative claim in the amount of $12,575.49 and allowing the Trustee to pay the same.

Dated: October 12, 2012　　　　　　　　　　　Respectfully submitted,

**FOX, SWIBEL, LEVIN & CARROLL, LLP**

By:   */s/ Elizabeth Peterson*
　　　Fox, Hefter, Swibel, Levin & Carroll, LLP,
　　　General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Elizabeth Peterson (ARDC #6294546)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201